
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ANTHONY ROBERT MIZNER, | No. 13-17377 |
| Petitioner-Appellant, | D.C. No. 3:12-cv-00288-CRB |
| v. | MEMORANDUM[*] |
| RANDY GROUNDS, Warden, | |
| Defendant-Appellee. | |

On Appeal from the United States District Court
for the Northern District of California
Charles R.Breyer, Senior District Judge, Presiding

Argued and Submitted January 13, 2015
San Francisco, California

Before: CLIFTON and NGUYEN, Circuit Judges, and RAKOFF, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

Anthony Robert Mizner appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996, we must deny habeas relief unless Mizner demonstrates that the state court's decision on the merits "'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Runningeagle v. Ryan*, 686 F.3d 758, 766 (9th Cir. 2012) (quoting 28 U.S.C. § 2254(d)).

The California Court of Appeal's denial of Mizner's ineffective assistance of counsel claim was not unreasonable or contrary to federal law. Even if we assume that Mizner's counsel committed unprofessional error in failing to move the trial court to reduce Mizner's felony conviction to a misdemeanor pursuant to Section 17(b) of the California Penal Code so as to avoid application of California's "Three Strikes" law, Cal. Pen. Code § 667(b)–(i), Mizner failed to demonstrate that he was prejudiced by such error. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court of Appeal reasonably concluded that, in light of Mizner's "egregious[]" criminal history and the fact that the trial court had denied his motion to vacate his

prior "strike" convictions pursuant to Section 1385(a) of the California Penal Code and *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996), the probability that a Section 17(b) motion would have succeeded was remote.

Mizner has failed to demonstrate that this conclusion was based on an unreasonable determination of the facts. Contrary to Mizner's argument, the Court of Appeal did not disregard material facts that would have weighed in favor of granting his Section 17(b) motion. Furthermore, its refusal to take judicial notice of its previous unpublished opinion in Mizner's assault case did not render its construction of the record unreasonable. That opinion left intact Mizner's previous assault and arson convictions, and therefore would not have demonstrated that Mizner had only two previous strikes and seven previous felony convictions, rather than the three previous strikes and thirteen previous felony convictions that the Court of Appeal found.

We decline to expand the certificate of appealability to encompass Mizner's uncertified Eighth Amendment claim because no "substantial showing of the denial of a constitutional right" has been made with respect to this claim. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 472, 483–85 (2000).

**AFFIRMED.**